```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ALEXANDER BOSTON,

                            Plaintiff,

            -against-                                    22 Civ. 7724 (AT)

SAMUEL DOSHNA and YOUNG JUDEA                            ORDER
CAMP TEL YEHUDA, INC.,

                            Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/30/2022_

ANALISA TORRES, District Judge:

Plaintiff, Alexander Boston, originally filed this personal injury action against Defendants Samuel Doshna and Young Judea Camp Tel Yehuda, Inc. ("Young Judea Camp") in Supreme Court, New York County on August 4, 2022. Summons & Compl., ECF No. 5-1. On September 9, 2022, Doshna filed a notice of removal. Notice, ECF No. 1. According to his notice of removal, Doshna was served with the complaint on August 12, 2022. *Id.* ¶ 1; *see also* Summons & Compl. at 13. Doshna's notice of removal does not mention whether Young Judea Camp consents to removal. Young Judea Camp was served with the complaint a day before Doshna, on August 11, 2022. Summons & Compl. at 12.

On September 26, 2022, the Court ordered the parties to show cause in writing by September 28, 2022, why this action should not be remanded because Young Judea Camp had not consented to removal. ECF No. 15. The parties did not meet this deadline. On September 29, 2022, the Court gave the parties until September 30, 2022, at 12:00 p.m. to file their letters, and cautioned that failure to respond would result in remand. ECF No. 17. On the evening of September 29, 2022, Doshna informed the Court, "I have reached out to [Young Judea Camp's counsel] and she informed me via email that her client consents to the removal of this action." ECF No. 18 at 1.[1] Plaintiff did not respond to the Court's orders.

A defendant seeking to remove a civil action from state court to federal court must do so "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading . . . to file the notice of removal." *Id.* § 1446(b)(2)(B). Further, if "a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal." *Id.* § 1446(b)(2)(C). "The Second Circuit has 'consistently interpreted the statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the rule of unanimity.'" *Harleysville Worcester Ins. Co. v. Sompo Japan Ins. Co. of Am.*, No. 21 Civ. 150, 2021 WL 5154130, at *1 (S.D.N.Y. Nov. 5, 2021) (citing *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012)); *see also Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150–51 (2d Cir. 2021).

---

[1] Young Judea Camp's counsel has not filed a notice of appearance in this action.

Here, although Doshna's notice of removal is timely, Young Judea Camp neither timely joined Doshna's notice of removal, nor has it "independently express[ed] [its] consent to removal." *Pietrangelo*, 686 F.3d at 66.  Specifically, Young Judea Camp has not provided the Court with its "unambiguous written consent to removal within the thirty-day period." *Gold Town Corp. v. United Parcel Serv., Inc.*, 519 F. Supp. 3d 169, 176 (S.D.N.Y. 2021) (citing *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12 Civ. 5557, 2013 WL 1234958, at *7 (S.D.N.Y. Mar. 26, 2013)).  Young Judea Camp was required to do so by September 12, 2022.  28 U.S.C. § 1446(b)(2); Fed. R. Civ. P. 6(a)(1)(C).  Doshna's assertion that Young Judea Camp informed counsel, not the Court, that it consents to removal over two weeks after the applicable thirty-day period has elapsed is insufficient.  *Hailemariam v. Nat'l Passenger R.R. Corp.*, No. 22 Civ. 1503, 2022 WL 1591902, at *3–4 (S.D.N.Y. May 19, 2022); *Alleyne v. Wells Fargo Bank, N.A.*, No. 21 Civ. 9598, 2022 WL 1110489, at *1 (S.D.N.Y. Apr. 12, 2022).  Removal in this action is therefore improper.  *Taylor*, 15 F.4th at 151 ("Where . . . a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent.").

Accordingly, the Court's September 23, 2022 order granting Doshna's petition for removal, ECF No. 13, is VACATED, and the matter is REMANDED.

Any pending motions are moot, and all deadlines and conferences are vacated.  The Clerk of Court is directed to remand the action to Supreme Court, New York County, and close the close.

SO ORDERED.

Dated: September 30, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge